## GIBBONS v DAYKIN

Ohio Appeals. 8th Dist, Cuyahoga Co

No 17120

Allison M. Gibbons, Cleveland, for plaintiff-appellee.

Martin A. McCormick, Cleveland and Rolland E. Reichert, Cleveland, for defendant-appellee.

HAMILTON, PJ., MATTHEWS, J. and ROSS, J. (1st Dist.), sitting by designation.

## OPINION

BY THE COURT:

This is an action to set aside a conveyance of real estate from one Mark Daykin to Ernest Daykin and to subject the same to the satisfaction of a certain judgment of plaintiff in the sum of One Thousand Seven Hundred and Fifty Dollars ($1750.00), against the said Mark Daykin and Ernest Daykin. Ernest Daykin had since died and his widow and executrix is substituted.

The case is here on an appeal on law and fact. The case came on to be heard on the pleadings and the evidence. the court records, and exhibits, and the arguments and briefs of counsel Upon consideration, the court finds as its findings of facts, as follows:

That plaintiff and Mark Daykin were co-administrators of the estate of Frank Case, deceased. That said estate amounted to over Ninety Thousand Dollars ($90,000.00). That there were five heirs and next of kin of whom Ernest Daykin was one, he being entitled to one-fifth (1/5) of the estate.

That upon the filing of the final account of said plaintiff and his co-administrator, they were surcharged with about $6200.00 as money of the estate wrongfully spent or appropriated to improper use

Gibbons, the plaintiff, made a claim against Mark Daykin and Ernest Daykin for attorney fees in the sum of about Nineteen Hundred Dollars ($1900.00) at the time plaintiff as administrator owed Ernest Daykin as distributee Seventeen Hundred and Sixteen Dollars ($1716.00). Subsequently, Ernest Daykin died and at a meeting in plaintiff's office between plaintiff and the widow. Executrix of Ernest Daykin, it was understood that a consent judgment might be taken by plaintiff for the sum of One Thousand Seven Hundred and Fifty Dollars, ($1750.00) and that judgment considered liquidated and satisfied by the amount due from plaintiff as administrator. Plaintiff took the judgment for the sum of One Thousand Seven Hundred and Fifty

Dollars ($1750.00) but failed and refused to enter satisfaction thereof. The Executrix of Ernest Daykin filed her final account as Executrix, not taking into her account as an asset of the estate, in conformity with the agreement, the amount due from Gibbons as administrator of the estate of Frank Case deceased. She also ignored plaintiff's judgment, relying on the settlement agreement.

Plaintiff filed exceptions to the account, basing his exceptions on the failure to pay his judgment for $1750. The Probate Court, upon hearing the exceptions, found that the plaintiff's judgment did not exist as a claim against the estate, having been extinguished and overruled the exceptions. Thereupon, Gibbons appealed from the judgment of the Probate Court denying his judgment claim, to the Common Pleas Court which court affirmed the Probate Court. Thereupon, Gibbons appealed the judgment to the Appellate Court which court affirmed the Common Pleas and Probate Courts. Thus it was judicially determined by three courts that Gibbons had no valid enforceable judgment. That judgment, in effect, determines once and for all that Gibbons, plaintiff here, is not a creditor of the defendants and that determination is binding upon this Court in this action and it is not subject to collateral attack in this action.

As its conclusions of law, the Court finds that plaintiff is not a creditor and not being a creditor has no right in law or equity to maintain this action.

It is therefore adjudged and decreed that the equities are in favor of the defendants and it is ordered that plaintiff's petition, amended petition and supplemental petition be dismissed and all costs are adjudged against him.

It is further ordered that a mandate be sent to the Common Pleas Court for execution of the judgment.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.